UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

ABNER HAYNES                                    CIVIL ACTION NO. 19-cv-0624

VERSUS                                          CHIEF JUDGE HICKS

NORTHBRIDGE GENERAL INSURANCE                   MAGISTRATE JUDGE HORNSBY
CO., ET AL

**MEMORANDUM ORDER**

Abner Haynes ("Plaintiff") filed this civil suit in state court for damages he received when a flatbed truck driven by Defendant Sergii Sokolov crashed into Plaintiff's vehicle. Defendants Sokolov, Northbridge General Insurance Co., and 9272-5233 Quebec, Inc. removed the case to this court, which puts the burden on Defendants to allege complete diversity of citizenship of the parties and an amount in controversy over $75,000.

The notice of removal states that Plaintiff is a "resident of Leon County, Texas." It is domicile rather than mere residency that decides citizenship for diversity purposes, and "[i]t is well established that an allegation of residency does not satisfy the requirement of an allegation of citizenship." Great Plains Trust Co. v. Morgan Stanley, 313 F.3d 305, 310 n. 2 (5th Cir. 2002), quoting Strain v. Harrelson Rubber Co., 742 F.2d 888 (5th Cir. 1984). A person may reside in multiple states simultaneously, but "[a]n individual who resides in more than one State is regarded, for purposes of federal subject-matter (diversity) jurisdiction, as a citizen of but one State." Wachovia Bank v. Schmidt, 126 S. Ct. 941, 951 (2006). That is the state in which the person is domiciled. Id.; Acridge v. Evangelical Lutheran Good Samaritan Soc., 334 F.3d 444, 451 (5th Cir. 2003). Accordingly,

Defendants must file an amended notice of removal that alleges the state in which Plaintiff is domiciled.

The notice of removal alleges that defendant Northbridge is a Canadian *company* with its principal place of business in Ontario, Canada and that defendant 9727-5233 Quebec, Inc. d/b/a CJ Transport is a Canadian *company* with its principal place of business is Quebec, Canada. The notice does not specify the form of entity of either company. To avoid any doubt about subject-matter jurisdiction, the removing defendants should include in their amended notice of removal specific allegations with respect to the form of entity of these two defendants. If they are corporations or juridical entities under Canadian law, the allegations regarding their citizenship are sufficient. If either is an unincorporated organization, its citizenship must be alleged with the rules set forth in Rodidaco, Inc. v. Chesapeake Energy Louisiana Corp, 2018 WL 3551525 (W.D. La. 2018). The rules regarding diversity jurisdiction and foreign entities can be found in Stiftung v. Plains Mktg., L.P., 603 F.3d 295 (5th Cir. 2010) and Elisabeth C. Butler, Diversity Jurisdiction and Juridical Persons: Determining the Citizenship of Foreign-Country Business Entities, 97 Tex. L. Rev. 193 (2018).

The notice of removal states that Plaintiff's claims exceed $75,000 but gives no facts in support of this statement. Plaintiff's petition contains a standard list of categories of damages and does not contain any details about his alleged physical injuries. Such general allegations are of limited weight in assessing the amount in controversy. Wright Family Investments, LLC v. Jordan Carriers, Inc., 2012 WL 2457664 (W.D. La. 2012). The court takes no position on whether the notice is sufficient with regard to the amount in

controversy. However, the removing defendants may wish to take this opportunity to set forth specific facts to ensure that they have met their burden with respect to this issue. Helpful facts may include the amount of any pre-suit settlement demands, a description of the nature, duration, and expense of any medical care, and any other particular facts regarding the alleged injuries and losses. The deadline for filing the amended notice of removal is **June 17, 2019.**

    THUS DONE AND SIGNED in Shreveport, Louisiana, this 28th day of May, 2019.

Mark L. Hornsby
U.S. Magistrate Judge